STEVE W. BERMAN (*pro hac vice*)
SEAN R. MATT (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steve@hbsslaw.com*
*sean@hbsslaw.com*

CHRISTOPHER R. PITOUN (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
*christopherp@hbsslaw.com*

*Counsel for Plaintiffs and Class*

[Additional Counsel listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LESLEY CONTI, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC, a California corporation,<br><br>Defendant. | Case No.:  2:19-cv-2160 RGK (ASx)<br><br>[*The Honorable Cormac J. Carney*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Second Am. Compl. Filed: November 4, 2019<br><br><u>CLASS ACTION</u> |

I.      NATURE OF CLAIMS AND DEFENSES (Fed. R. Civ. P. 26(f)(2))

A.      **Plaintiffs' Description of Their Claims**

This is a putative class action brought pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of persons and entities nationwide who purchased or leased Class Vehicles manufactured by defendant American Honda Motor Co., Inc. The Class Vehicles are: MY 2018-2019 Honda Odyssey, MY 2019 Honda Pilot, and MY 2019 Honda Passport. Plaintiffs are individual consumers from 19 states who purchased or leased a Class Vehicle. Plaintiffs allege that they purchased Class Vehicles with infotainment systems that frequently freeze or crash, thus disabling important (and highly marketed) features like navigation technology, the radio, and the rearview camera. ¶¶ 5-7.[1] These problems pose a safety risk, because they are dangerously distracting and can render important safety-related systems like the backup camera non-functional. ¶¶ 7, 308. Honda has acknowledged that a defect in the infotainment system exists. *See*, *e.g.*, ¶¶ 10, 314-18. Plaintiffs allege that, before it marketed the Class Vehicles, Honda knew of, but failed to disclose, the defects. ¶¶ 8, 307, 309-18. Plaintiffs bring class claims for relevant state consumer protection acts and for breach of express and implied warranties.

B.      **AHM's Description of Its Defenses**

Defendant American Honda Motor Co., Inc. ("AHM") denies Plaintiffs' allegations and disputes that MY 2018-2019 Honda Odyssey, MY 2019 Honda Pilot, and MY 2019 Honda Passport vehicles (the "Vehicles") are in any way "defective," or that Plaintiffs have credibly alleged any safety issue or concern. The Vehicles do not have a unitary "Infotainment System" as that term is broadly, colloquially, and incorrectly defined by Plaintiffs, but instead these vehicles contain technology including at least the following individual (and different) components implicated in the Second Amended Complaint ("SAC"): (1) the Vehicle Bus; (2) the Head Unit; (3) the Amplifier; (4) the Rearview Camera; (5) the Rear Entertainment Unit; (6) the Tuner Unit; (7) the

---

[1] Unless otherwise noted, all references to "¶" refer to paragraphs in the Second Amended Complaint ("SAC"). Dkt. 50.

Display; (8) the Touchpad Interface and (9) the different software programs that run each of the foregoing (each a "Vehicle Technology Component"). AHM already has identified – and remediated – the relatively few Vehicles that have experienced sundry (minor) technological hiccups in their various Vehicle Technology Components and other components. For example, on August 29, 2019, AHM released to the market free software updates (available for download directly by owners in their vehicles "over the air" ("OTA"). Because owners and lessees can update their own vehicle's software directly (without having to go in to a dealer), this OTA software update prospectively addresses actual and/or potential glitches (*e.g.*, freezing rear seat entertainment screens, or lag time when booting up GPS) for the Vehicles (including Plaintiffs'). Enhancements/bug fixes are being continuously released into the market; AHM continues to investigate and develop countermeasures as necessary to try to optimize performance for all Vehicles. AHM is thus fulfilling its obligations under the new vehicle limited written warranty ("NVLW") provided to Plaintiffs and other proposed class members in connection with the purchase or lease of their Vehicles. These free countermeasures address the various occurrences about which (relatively few) Vehicle owners and lessees have complained, and prospectively remediate all such issues for everyone else. In short, Plaintiffs (and their proposed classes) already have obtained (and will continue to obtain, as necessary) countermeasures to which they are entitled under the NVLW.

**C.     Procedural Summary to Date**

Plaintiffs filed their Complaint on March 22, 2019 (Dkt. 1) and filed a First Amended Complaint on June 10, 2019 (Dkt. 32). AHM moved to dismiss on August 2, 2019 (Dkt. 37), Plaintiffs filed their opposing brief on September 13, 2019 (Dkt. 47), and AHM filed its reply brief on October 4, 2019 (Dkt. 48). On October 17, 2019, the Court issued an Order granting in part, denying in part, AHM's motion to dismiss the FAC (Dkt. 49). Plaintiffs filed a Second Amended Complaint on November 4, 2019

(Dkt. 50). On November 22, 2019, the Court issued an Order Granting Joint Stipulation and Request to Extend AHM's Time to Respond to Second Amended Complaint and Setting Briefing Schedule (Dkt. 52), under which AHM had until and including February 3, 2020 to answer or otherwise respond to the Second Amended Complaint. AHM filed its Answer and Affirmative Defenses to the Second Amended Complaint on February 3, 2020 (Dkt. 53).

## II.     SETTLEMENT EFFORTS / PROCEDURES (C.D. CAL. L.R. 26-1(C))

The Parties elected ADR Procedure No. 3: private mediation. The Parties have had preliminary discussions about potential pathways to resolution or narrowing of claims in this this case as well as those claims alleged in *Banh, et al. v. American Honda Motor Co., Inc.* (Case No.: 2:19-cv-05984) pending before Judge R. Gary Klausner relating to other Vehicle Technology Components in 2019 and 2020 Acura RDX vehicles. To this end, the Parties retained the Honorable Dickran M. Tevrizian (Ret.) of JAMS Los Angeles to mediate the cases. Mediation sessions with Judge Tevrizian took place on February 25 and March 24, 2020 principally in the *Banh* case, although the subject matter overlapped to some degree with the *Conti* case. The Parties were unable to reach a resolution. No further mediation sessions are currently scheduled.

## III.    DISCOVERY PLAN (Fed. R. Civ. P. 26(f)(3))

The Parties respectfully propose the following discovery and litigation plan. This plan assumes that the current COVID-19 crisis will not abate in the near term and that in-person (or some other mutually-agreed form of) depositions will not be able to proceed in the near term, and that inspections of Plaintiffs' vehicles will only be able to be performed as the crisis abates. In the event COVID-19 continues to require measures that make deposition discovery and vehicle inspections impracticable, the Parties will promply apply to the Court for appropriate scheduling modifications. Conversely, if the pandemic resolves sooner than the Parties anticipate, then the Parties will present a revised schedule to the Court with earlier dates to the extent reasonably feasible.

**A.     Initial Disclosures (Fed. R. Civ. P. 26(f)(2), (3)(A))**

The Parties will exchange initial disclosures on April 3, 2020, although the Parties have informally shared information during the mediation process to facilitate an informal resolution of the case.  The Parties will share additional information pursuant to the formal discovery process.

**B.     Scope of Discovery and Proposed Discovery Schedule (Fed. R. Civ. P. 26(f)(3)(B))**

The Parties agree that discovery should not be bifurcated between class and merits issues.  The Parties propose the following schedule to govern discovery:

| Date | Event |
| --- | --- |
| Jan. 29, 2021 | Fact discovery closes |
| Mar 1, 2021 | Plaintiffs disclose experts |
| May 3, 2021 | Defendant discloses experts |
| May 31, 2021 | Plaintiffs disclose rebuttal reports, if any, of their experts |
| July 12, 2021 | Close of expert discovery |

**C.     Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties will negotiate a stipulated protocol governing the production of electronically stored information (ESI).  Up to this point, the Parties have been exchanging ESI in a manner compatible with Relativity.

**D.     Privilege Issues (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties will negotiate and submit to the Court a proposed Stipulated Protective Order, which will also contain procedures regarding the inadvertent production of privileged or protected documents and information pursuant to Fed. R. Evid. 502(d).  To this point, the Parties have been operating under a side letter governing the treatment of confidential documents and information.

**E.     Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

AHM respectfully requests that the limitation on depositions contained in Fed. R. Civ. P. 30 be enlarged to allow AHM to take the deposition of each of the named Plaintiffs and/or primary drivers of the vehicles.  AHM further anticipates undertaking inspections of each named Plaintiff's vehicle.  Other than the modification of the number of depositions so that each named plaintiff and/or primary driver can be deposed, the Parties do not believe that modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure are necessary at this time.

**F.     Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

The Parties do not currently anticipate any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) or (c), with the exception of those referenced above in Sections II.C. and D.

### IV.   OTHER MATTERS

**A.     Complex Cases (C.D. Cal. L.R. 26-1(a))**

While this is a proposed class action, the Parties do not foresee any complexities that would warrant application of the Manual for Complex Litigation or any modifications thereto should the Court wish to apply it.

**B.     Motion Schedule (C.D. Cal. L.R. 26-1(b))**

**1.     Class Certification**

The Parties agree, and respectfully request that Court permit, Plaintiffs to file their motion for class certification pursuant to the following timeline:

| Date | Event |
|---|---|
| April 1, 2021 | Class certification Motion |
| May 14, 2021 | AHM's opposition to Class Certification |
| June 11, 2021 | Plaintiffs' reply to Class Certification |

**2.     Dispositive motions**

The Parties propose that dispositive motions be due no later than July 31, 2021.

**C.  Trial Estimate (C.D. Cal. L.R. 26-1(d))**

The Parties estimate that the time required for trial be approximately 4-10 full Court days depending on the scope of the case at the time of trial as well as the issues to be tried.  Plaintiffs and AHM each demand a trial by jury.

**D.  Additional Parties (C.D. Cal. L.R. 26-1(e))**

At this time, the Parties do not propose to add any parties but reserve their right to add appropriate parties identified in discovery, with leave of Court.  Plaintiffs may seek to add additional class representatives and additional defendants, and AHM reserves the right to oppose any such request.  If Plaintiffs are permitted to add additional proposed class representatives, AHM reserves the right to take discovery from such new plaintiffs, including depositions and vehicle inspections.  The Parties request that the Court set the date for motions to join parties or for leave to amend to add additional parties no later than 90 days prior to the close of fact discovery so as to provide adequate time for any necessary motion practice and discovery.

**E.  Expert Witnesses (C.D. Cal. L.R. 26-1(f))**

The Parties have proposed a timeline for the disclosure of all experts above in Section II.B.

Dated: March 26, 2020                Respectfully submitted,

> HAGENS BERMAN SOBOL SHAPIRO LLP
>
> By */s/ Christopher R. Pitoun*
>     Christopher R. Pitoun (SBN 290235)
> 301 North Lake Avenue, Suite 920
> Pasadena, California 91101
> Telephone: (213) 330-7150
> Facsimile: (213) 330-7152
> *christopherp@hbsslaw.com*
>
> Steve W. Berman (*pro hac vice*)
> Sean R. Matt (*pro hac vice*)
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1301 Second Avenue, Suite 2000
> Seattle, Washington 98101

Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steve@hbsslaw.com*
*sean@hbsslaw.com*

Jeffrey S. Goldenberg (*pro hac vice*)
Todd Naylor (*pro hac vice*)
GOLDENBERG SCHNEIDER, LPA
One West 4th Street, 18th Floor
Cincinnati, Ohio 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
*jgoldenberg@gs-legal.com*
*tnaylor@gs-legal.com*

John C. Weisensell (*pro hac vice*)
NIEKAMP, WEISENSELL, MUTERSBAUGH & MASTRANTONIO LLP
23 South Main Street, Third Floor
Akron, OH 44308
Tel: (330) 434-1000
Fax: (330) 434-1001
*jack@nwm-law.com*

*Attorneys for Plaintiffs*

Dated: March 26, 2020          Respectfully submitted,

KING & SPALDING LLP

By */s/ Livia M. Kiser*
    Livia M. Kiser (SBN 285411)
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
*lkiser@kslaw.com*

Michael B. Shortnacy (SBN 277035)
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*mshortnacy@kslaw.com*

Andrew J. Chinsky (*pro hac vice*)
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, IL 60622
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
*achinsky@kslaw.com*

*Attorneys for Defendant American Honda Motor Co., Inc.*

JOINT RULE 26(f) REPORT - 8

36561482.v4