# Exhibit 2

DRAFT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LESLEY CONTI *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC, a California corporation,<br><br>Defendant. | Case No.:  2:19−cv−02160−CJC−GJS<br><br>[*The Honorable Cormac J. Carney*]<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

DRAFT

## TABLE OF CONTENTS

**Page**

I.    RECITALS ................................................................................................................. 1

II.    DEFINITIONS .......................................................................................................... 5

1.1  "AHM" ................................................................................................................... 5

1.2  "AHM's Counsel" ................................................................................................... 5

1.3  "Claim" .................................................................................................................. 5

1.4  "Claim Form" ........................................................................................................ 6

1.5  "Claims Period" ..................................................................................................... 6

1.6  "Class Counsel" ..................................................................................................... 6

1.7  "Class List" ............................................................................................................ 6

1.8  "Court" ................................................................................................................... 6

1.9  "Delayed Warranty Repair Visit" ......................................................................... 6

1.10 "Effective Date" ................................................................................................... 7

1.11 "Extended Warranty" ........................................................................................... 7

1.12 "Final" .................................................................................................................. 8

1.13 "Final Approval Hearing" .................................................................................... 8

1.14 "Final Order and Judgment" ................................................................................ 8

1.15 "Infotainment System" ........................................................................................ 9

1.16 "Infotainment System Online Resource" ............................................................ 9

1.17 "Media Oriented Systems Transport (MOST)" Ring ........................................ 10

1.18 "Named Plaintiffs" ............................................................................................ 10

- i -

1.19 "Notice" .................................................................................................................. 10

1.20 "Notice Date" ........................................................................................................... 10

1.21 "OTA" ...................................................................................................................... 11

1.22 "Preliminary Approval Order" ................................................................................. 11

1.23 "Proof of Expenses" ................................................................................................. 11

1.24 Recitals ..................................................................................................................... 11

1.25 "Related Service Visit" ............................................................................................ 11

1.26 "Released Claims" .................................................................................................... 12

1.27 "Releasees" ............................................................................................................... 13

1.28 "Service Awards" ..................................................................................................... 13

1.29 "Settlement Administrator" ...................................................................................... 13

1.30 "Settlement Class Member" ..................................................................................... 13

1.31 "Settlement Class Vehicles" .................................................................................... 13

1.32 "Settlement Website" ............................................................................................... 14

1.33 "VIN" ........................................................................................................................ 14

III.  SETTLEMENT CLASS ............................................................................................. 14

IV.  SETTLEMENT CONSIDERATION .......................................................................... 15

A.  Infotainment System Online Resource ....................................................................... 15

B.  Dealership Assistance and Assessment Program ........................................................ 17

C.  Extended Warranty ...................................................................................................... 18

D.  Delayed Warranty Repair Visit Benefit ...................................................................... 20

E.    Related Service Visit Benefit ..................................................................................21

F.    Rules Applicable To The Benefit .............................................................................22

G.    Compensation for Certain Out-of-Pocket Costs Related to Delayed Warranty Claims .....22

V.    SETTLEMENT ADMINISTRATION.....................................................................23

A.    Costs of Administration and Notice .........................................................................23

B.    Notice Plan and Settlement Website; CAFA Notice................................................24

C.    Claim Procedure−HondaLink Benefit and Sirius XM Benefit ................................26

D.    Claim Procedure−Compensation for Out-of-Pocket Costs .....................................26

E.    Claims Processing ....................................................................................................27

F.    Objections and Requests for Exclusion....................................................................29

VI.   SETTLEMENT APPROVAL PROCESS .................................................................33

A.    Preliminary Approval of Settlement ........................................................................33

B.    Final Order and Judgment ........................................................................................33

C.    Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Awards ..............33

VII.  RELEASE BY NAMED PLAINTIFFS AND SETTLEMENT CLASS MEMBERS ..........35

VIII.         MISCELLANEOUS PROVISIONS ..................................................................37

A.    Best Efforts ...............................................................................................................37

B.    Effect of Exhibits .....................................................................................................37

C.    Not Evidence ............................................................................................................37

D.    Entire Agreement ......................................................................................................39

E.    Arm's-Length Negotiations and Good Faith.............................................................39

F.   Confirmatory Discovery..............................................................................39

G.   Continuing Jurisdiction ............................................................................40

H.   Binding Effect of Settlement Agreement ...............................................40

I.   Governing Law..............................................................................................40

J.   Construction of Settlement Agreement Terms .......................................40

K.   Confidentiality Agreements ......................................................................41

L.   Extensions of Time ......................................................................................41

M.   Authority to Execute Settlement Agreement.........................................41

N.   Further Authority ........................................................................................42

O.   Termination ..................................................................................................42

P.   Full and Final Agreement ..........................................................................44

Q.   Headings........................................................................................................44

R.   Severability ..................................................................................................44

S.   Notices............................................................................................................44

T.   Cost and Expenses. ......................................................................................45

U.   Taxes...............................................................................................................45

V.   Communications ..........................................................................................45

W.   Counterparts.................................................................................................46

DRAFT

## I.      RECITALS

This Class Action Settlement Agreement and Release ("Settlement Agreement"), dated as of the date of the last signature below, is made and entered into pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3) and 23(e) between and among: (1) Lesley Conti, Tom Conti, Brandi Bishop, Brigid Hirth, Michael Hirth, Mark Ankrom, Heidi Phan, Peter Phan, Anthony Rossomando, Laura Mohr, Larry Simkin, Harmeet Gill, Yazeed Issa, Ashley Pfeifer, William D. Lampton, Jacob Szajowitz, Michaela Hetzler, Michelle Beckwith, Ross Conley, Stephanie Conley, Emily Darr, Pamela Turberville, Smruti Patel, Ann Morgan, and Julie Pereira (collectively, "Named Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined below (the Named Plaintiffs and members of the Settlement Class are collectively referred to as "Settlement Class Members") on the one hand, and (2) Defendant American Honda Motor Co., Inc. ("AHM"), on the other hand, (collectively with Named Plaintiffs, the "Parties") by and through their undersigned counsel, in order to fully and finally settle and resolve the above-captioned litigation and to effect dismissal with prejudice of all of the Released Claims (defined below) asserted against AHM on the terms set forth herein, subject to the final approval of the Court.  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims.

WHEREAS, Named Plaintiffs are the proposed class representatives in the action captioned: *Lesley Conti, et al, v. American Honda Motor Co., Inc.,* Case No. 2:19-cv-2160-CJC-GJS (C.D. Cal.) (the "Litigation"), with the initial complaint filed on March 19, 2019, a First Amended Class Action Complaint on June 10, 2019, and a Second Amended Class Action Complaint on November 4, 2019;

DRAFT

WHEREAS, Named Plaintiffs generally alleged (among other things) "infotainment systems" in 2018-2019 Honda Odyssey, 2019 Honda Pilot, and 2019 Honda Passport vehicles contain one or more defective components;

WHEREAS, AHM filed a Motion to Dismiss the First Amended Complaint on August 2, 2019, which motion was granted in part and denied in part;

WHEREAS, following the Court's ruling on AHM's Motion to Dismiss, Yazeed Issa became a Named Plaintiff in place of Abdalhfeth Issa, who was named in the First Amended Complaint but is no longer a Named Plaintiff;

WHEREAS, AHM answered the Second Amended Complaint, denying all material allegations and interposing a number of affirmative defenses;

WHEREAS, the Parties engaged in substantial fact and expert discovery and motion practice in the action captioned *Banh v. American Honda Motor Co., Inc.*, Case No.:  2:19-cv-5984 RGK (ASx) (C.D. Cal.), which involves similar allegations as to the Infotainment Systems in 2019 and 2020 Acura RDX vehicles (the "*Banh* Action");

WHEREAS, documents and technical information produced in the *Banh* action included information about Infotainment Systems in 2018-2019 Honda Odyssey, 2019 Honda Pilot, and 2019 Honda Passport vehicles;

WHEREAS, on April 9, 2020 the plaintiffs in the *Banh* Action filed a Motion for Class Certification, which motion was granted in part and denied in part, with the Court issuing an Order on July 28, 2020 identifying one California Named Plaintiff (Jimmy Banh) as the class representative and certifying a Class defined as follows: "All persons or entities who purchased a new Class Car [*i.e.*, a new 2019 or 2020 Acura RDX vehicle] from an authorized Acura dealer in

DRAFT

California" and severing the claims of the remaining non-California Plaintiffs and proposing to transfer them to their home states (*Banh* Dkt. 154);

WHEREAS, in its July 28, 2020 Order, the *Banh* court denied plaintiffs' motion to certify classes under the laws of states other than California, and ordered the claims of non-California named Plaintiffs severed and transferred to the district in which the non-California Plaintiffs reside;

WHEREAS, on July 28, 2020, the *Banh* court granted in part and denied in part AHM's Motion to Compel Arbitration, compelling eight of the *Banh* named plaintiffs to arbitration (*Banh* Dkt. 153);

WHEREAS, on July 29, 2020, the Court in this action set a Status Conference for August 11, 2020, stated that it had "serious concerns about proceeding with nineteen subclasses pursuing different state law claims," cited the *Banh* court's decision to deny class certification as to non-California plaintiffs and to transfer their claims to the districts in which they reside, and informed the Parties that it was "considering a similar approach" (ECF No. 60);

WHEREAS, on February 25, 2020, March 24, 2020, and September 3, 2020, the Parties conducted formal private mediation sessions with the Honorable Dickran M. Tevrizian (ret.), and conducted additional informal mediation sessions with Judge Tevrizian, and now wish to fully and finally resolve the Litigation;

WHEREAS, as part of the mediation, the Parties agreed that Plaintiffs would conduct additional confirmatory discovery regarding Infotainment Systems in 2018-2019 Honda Odyssey, 2019 Honda Pilot, and 2019 Honda Passport vehicles, which remains ongoing;

WHEREAS, AHM denies all of the allegations in the Litigation, denies that it has engaged in any wrongdoing, denies that Named Plaintiffs' claims are meritorious, and denies that it is

DRAFT

legally responsible or liable to Named Plaintiffs or any Settlement Class Member, as defined herein, for any of the matters asserted in this Litigation;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the settlement it represents shall be construed as an admission by AHM of any wrongdoing whatsoever including an admission of a violation of any statute or law, or of liability on the claims or allegations in the Litigation;

WHEREAS, the Parties agree and understand that neither this Settlement Agreement nor the settlement it represents shall be construed or admissible as an admission by AHM in the Litigation or any other proceedings that the Named Plaintiffs' claims, or similar claims, are or would be viable or suitable for class treatment if the Litigation proceeded through both litigation and trial;

WHEREAS, AHM does not believe Named Plaintiffs' claims are meritorious or that certification of any proposed class for trial purposes would be proper under Fed. R. Civ. P. 23 and denied and continues to deny that it is legally responsible to Named Plaintiffs or any member of the Settlement Class for any of the claims or allegations asserted in the Lawsuit, but it has concluded that the Settlement is desirable to avoid the time, expense and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all claims of Named Plaintiffs and members of the Settlement Class for relief relating to Settlement Class Vehicles' "Infotainment Systems" (defined below);

WHEREAS, Class Counsel are experienced in this type of class litigation, and therefore recognize the costs and risks of prosecution of this Litigation and believe that it is in the interest of all Settlement Class Members to resolve this Litigation as set forth in this Settlement Agreement;

WORKAMER\25223\197004\38665238.v1-5/14/21

DRAFT

WHEREAS, the Named Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the risks associated with the continued prosecution of the Litigation and the likelihood of success on the merits of the Litigation and believe that, after considering all of the facts and circumstances, the proposed settlement set forth in this Settlement Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, this Settlement Agreement is the result of significant arm's-length settlement negotiations that have taken place between the Parties, including with the assistance of a neutral and experienced mediator who is a retired federal judge.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties and their counsel, as follows:

## II.   DEFINITIONS

### 1.1   "AHM"

"AHM" shall mean American Honda Motor Co., Inc., and its predecessors, successors, affiliates, subsidiaries, parent, assigns, directors, officers, agents, dealers, suppliers, attorneys, representatives, and employees.

### 1.2   "AHM's Counsel"

"AHM's Counsel" shall mean Ms. Livia M. Kiser and Mr. Michael B. Shortnacy of King & Spalding, LLP.

### 1.3   "Claim"

A "Claim" is a request for certain benefits or reimbursement under this Settlement Agreement.

DRAFT

**1.4     "Claim Form"**

"Claim Form" refers to a form to be completed by a Settlement Class Member to request

certain benefits or reimbursement under this Settlement Agreement, which shall be materially in

the form of Exhibit C or Exhibit D attached hereto.

**1.5     "Claims Period"**

"Claims Period" means the time period during which a Settlement Class Member may

submit a Claim Form, which period shall be sixty (60) days after the Final Approval Hearing.

**1.6     "Class Counsel"**

"Class Counsel" means: (1) Hagens Berman Sobol Shapiro, LLP; and (2) Goldenberg

Schneider, LPA, both of which appear on the signature page of this Settlement Agreement.

**1.7     "Class List"**

"Class List" shall mean the complete listing of the names and addresses obtained by AHM

of all persons AHM determines, after a good faith search, are current and former owners or lessees

of Settlement Class Vehicles (defined below) and thereby eligible to receive the Notice.  AHM

shall obtain from R.L. Polk & Co. (n/k/a IHS Markit), Experian, or a similar entity, the most

currently available names and addresses of all current and former owners and lessees of Settlement

Class Vehicles in order to develop the Class List.  This data shall be run through the National

Change of Address database to update addresses before the Notice is sent.

**1.8     "Court"**

"Court" shall mean the United States District Court for the District of Central District of

California, the Honorable Cormac J. Carney presiding, or his duly appointed successor.

**1.9     "Delayed Warranty Repair Visit"**

"Delayed Warranty Repair Visit" refers to multiple service visits to an authorized Honda

WORKAMER\25223\197004\38665238.v1-5/14/21

DRAFT

dealership on or before the Notice Date (defined below) for Infotainment System issues not resolved during the initial warranty service visit (a "Delayed Warranty Repair"), provided such Delayed Warranty Repair Visits appear in AHM's warranty database; except that any customer visit as a result of a recall or product update is not a "Delayed Warranty Repair Visit."  AHM's warranty database shall constitute complete and valid evidence of warranty service visits having been made but shall not deemed to be the exclusive evidence of a Delayed Warranty Repair Visit.

**1.10   "Effective Date"**

The "Effective Date" of this Settlement Agreement means the date when all of the following conditions have occurred: (1) this Settlement Agreement has been fully executed by the Parties and their counsel; (2) orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Settlement Agreement and approving the form of Notice, CAFA Notice, and Claim Forms, all as provided herein; (3) the Court-approved Notice, the Settlement Website, and Settlement Infotainment System Online Resource (as defined in Sections 1.16, 1.19 and 1.32) have been duly created and/or disseminated as ordered by the Court; (4) the Court has entered a Final Order and Judgment (as defined below) finally approving this Settlement Agreement as provided below; and (5) the Final Order and Judgment has become Final, as defined immediately below, and no longer subject to any review or appeal.

**1.11   "Extended Warranty"**

"Extended Warranty" shall mean an extension of Settlement Class Vehicles' existing standard warranty from the original New Vehicle Limited Warranty (NVLW) term for an additional 24 months or 24,000 miles (whichever occurs first) for symptoms identified in:  (1) Honda Service Bulletin 20-049 (popping or crackling from the speakers; no sound from the audio system, network loss message and/or display issues); and (2) Honda Service Bulletin 20-058

DRAFT

(popping or crackling from the speakers, no sound from the audio system, network loss message and/or display issues), for Settlement Class Vehicles only, such Service Bulletins expressly incorporated herein by reference (collectively, "Infotainment System Symptoms").  This Extended Warranty follows the Settlement Class Vehicle and shall be implemented by no later than the Effective Date.

### 1.12    "Final"

"Final" when referring to a judgment or order means that: (1) the judgment is a final appealable judgment; and (2) either: (a) no appeal has been taken from the judgment relating to the merits of the settlement (as opposed to any appeals relating solely to the Class Counsel Fees and Expenses Award, which will not affect finality as defined herein) as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment relating to the merits of the settlement having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc,* petitions for *writ of certiorari,* the appeal is voluntarily withdrawn, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

### 1.13    "Final Approval Hearing"

"Final Approval Hearing" shall mean the final hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether the settlement should be finally approved by the Court, such Final Approval Hearing to be no earlier than ninety (90) days after the Notice Date, subject to the approval of the Court.

### 1.14    "Final Order and Judgment"

"Final Order and Judgment" shall mean the Court order that approves this Settlement

DRAFT

Agreement, which shall be without material alteration from Exhibit F attached hereto.

**1.15    "Infotainment System"**

"Infotainment System" means the MOST Ring and (1) the Vehicle Bus; (2) the Head Unit; (3) the Amplifier; (4) the Rearview Camera; (5) the Rear Entertainment Unit; (6) the Tuner Unit; (7) the Display; (8) the Touchpad Interface; and (9) the different software programs that run each of the foregoing in any Settlement Class Vehicle of every trim level.

**1.16    "Infotainment System Online Resource"**

"Infotainment System Online Resource" means, as of the Effective Date, the Honda Owners Link website page for 2018-2019 Honda Odyssey, 2019 Honda Pilot, and 2019 Honda Passport vehicles, which will include, among other things: (1) a list of alleged issues or symptoms with the Infotainment System that are the subject of the litigation with relevant information about each such issue or symptom (relevant information would include, as applicable, a link to relevant Service Bulletins); (2) a means by which Settlement Class Members can report to AHM issues or symptoms they believe to be attributable to the Infotainment System; (3) relevant recall notices, Service Bulletins, and over-the-air (OTA) updates relating to the Infotainment System; (4) provide a means by which Settlement Class Members can review their operating manuals related to the Infotainment Systems in their vehicles so that they understand how the Infotainment Systems work and which peripherals are compatible with their Infotainment Systems; and (5) make available online, searchable operating manuals relating to the Infotainment Systems so that Settlement Class Members can quickly search the contents of such manuals.  AHM will also post Frequently Asked Questions related to the Infotainment Systems.  The Infotainment System Online Resource shall include a list of potential Infotainment System-related issues, that, when selected, will open a drop-down menu to offer potential solutions to the problem (*e.g.*, suggesting trying an Apple or Android-

DRAFT

certified USB cord (as applicable), updating a vehicle's or phone's software, replacing the USB
cord or other peripheral, or presenting the vehicle at a dealership for an assessment or repair
pursuant to any applicable Service Bulletin.  The Infotainment System Online Resource shall be
established and operational on or before the Effective Date.

### 1.17    "Media Oriented Systems Transport (MOST)" Ring

"Media Oriented Systems Transport (MOST)" Ring means the synchronized, ring-based
architecture where devices on the ring receive and pass along data including to components
comprising Settlement Class Vehicles' Infotainment Systems.

### 1.18    "Named Plaintiffs"

"Named Plaintiffs" shall mean Plaintiffs Lesley Conti, Tom Conti, Brandi Bishop, Brigid
Hirth, Michael Hirth, Mark Ankrom, Heidi Phan, Peter Phan, Anthony Rossomando, Laura Mohr,
Larry Simkin, Harmeet Gill, Yazeed Issa, Ashley Pfeifer, William D. Lampton, Jacob Szajowitz,
Michaela Hetzler, Michelle Beckwith, Ross Conley, Stephanie Conley, Emily Darr, Pamela
Turberville, Smruti Patel, Ann Morgan, and Julie Pereira.

### 1.19    "Notice"

"Notice" shall mean the Court-approved form of notice of the settlement provided to the
persons on the Class List, by first class mail, postage prepaid, and by email if email addresses are
available and requisite consent has been obtained, which shall be without material alteration from
Exhibit B attached hereto.

### 1.20    "Notice Date"

"Notice Date" means the date by which the Settlement Administrator completes the
mailing of a copy of the Notice by first class mail, postage prepaid, and by email as appropriate,
to each person on the Class List after first running the addresses on the Class List through the

DRAFT

National Change of Address database. The Notice Date shall be no later than one hundred twenty (120) days after the Court enters the Preliminary Approval Order, defined herein, or such earlier practicable date.

### 1.21    "OTA"

"OTA" means various Over the Air Software Updates for Infotainment Systems.

### 1.22    "Preliminary Approval Order"

"Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the settlement and (among other things) directing that Notice be given to the persons on the Class List, which Preliminary Approval Order shall be without material alteration from Exhibit A attached hereto.

### 1.23    "Proof of Expenses"

"Proof of Expenses" shall mean an original invoice, legible photocopy thereof, or other record, or some combination thereof, identifying the reimbursable expenses paid by the Settlement Class Member. Sufficient proof shall consist of one or more contemporaneous writings, including but not limited to third-party receipts, invoices, and repair orders or bills, which, either individually or collectively, prove the existence of out-of-pocket costs and the amount of the expense.

### 1.24    Recitals

"Recital" means each statement of the facts and/or procedural history in Section I of this Settlement Agreement. The Parties acknowledge and agree the Recitals enumerate important facts and procedural history, are true and accurate, and are hereby made a part of this Settlement Agreement as though fully set forth herein.

### 1.25    "Related Service Visit"

"Related Service Visit" means multiple service visits for a single Infotainment System

DRAFT

issue not resolved during the initial warranty service visit (so long as both service visits relate to the same Infotainment System issue, provided such Related Service Visits appear in AHM's warranty database; except that any customer visit as a result of a recall or product update is not a "Related Service Visit." Settlement Class Members shall automatically obtain the Benefit (defined below) provided they do not contact AHM at a toll-free number or by email address provided on the applicable Claim Form to decline it.

### 1.26   "Released Claims"

"Released Claims" means any and all claims, actions, causes of action, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of wrongdoing, liabilities, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal law, state law, common law, or local law, which the Named Plaintiffs and/or any Settlement Class Member had, have, or may in the future have, with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences relating to or arising out of Infotainment Systems and Infotainment System Symptoms, as asserted, or as could have been asserted, in the Litigation or any other proceedings, and that are based on the same factual predicate asserted in the Second Amended Complaint (the operative complaint) including via the use of a class action procedural device by the Named

DRAFT

Plaintiffs and/or Settlement Class Members whether at law or equity, against AHM and all of the Releasees for injunctive relief, declaratory relief, and economic injury or damages. The Released Claims do not include claims for personal injury or wrongful death.

**1.27   "Releasees"**

"Releasees" shall mean American Honda Motor Co., Inc., its parent, subsidiaries, affiliates and related entities and all of its past and present directors, officers, employees, partners, principals, agents, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, Authorized Honda and Acura dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries..

**1.28   "Service Awards"**

"Service Awards" shall mean monetary awards to compensate the Named Plaintiffs for efforts undertaken by them on behalf of the Settlement Class.

**1.29   "Settlement Administrator"**

"Settlement Administrator" shall mean AHM.

**1.30   "Settlement Class Member"**

"Settlement Class Members" are all current owners and lessees of Settlement Class Vehicles and former owners and lessees who file Claims but who have not otherwise already resolved and released their claims and who do not opt out of this Settlement.

**1.31   "Settlement Class Vehicles"**

"Settlement Class Vehicles" shall mean 1) Model Years 2018 and 2019 Honda Odyssey vehicles with Elite, EX, EX-L, EX-LNR or Touring trim levels; 2) Model Year 2019 Honda Pilot vehicles with 2EX-LNR, 2TRG, 2TRG 7P, 4Elite, 4EX, 4EX-L, 4EX-LNR, 4TRG, 4TRG 7P trim

DRAFT

levels; and 3) Model Year 2019 Honda Passport with 2EX-L, 2TRG, 4Elite, 4EX-L, or 4TRG trim levels, regardless of the differences between and among the different Infotainment Systems in such vehicles.

### 1.32    "Settlement Website"

"Settlement Website" shall mean the website created and maintained by the Settlement Administrator which will contain, among other things, the Notice and Claim Forms, and documents related to the settlement.

### 1.33    "VIN"

"VIN" shall mean the vehicle identification number of a Settlement Class Vehicle.

## III.    SETTLEMENT CLASS

2.1     The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows: All current owners and lessees of the 1) 2018 and 2019 Honda Odyssey vehicles Elite, EX, EX-L, EX-LNR and Touring trim levels; 2) 2019 Honda Pilot vehicles with 2EX-LNR,2TRG, 2TRG 7P, 4Elite, 4EX, 4EX-L, 4EX-LNR, 4TRG and 4TRG 7P trim levels; and 3) 2019 Honda Passport with 2EX-L, 2TRG, 4Elite, 4EX-L, and 4TRG trim levels (each a "Settlement Class Vehicle"), who reside in, and who purchased or leased their vehicles (other than for purposes of resale or distribution) in the United States, Puerto Rico, and all United States territories, as well as former owners and lessees of Settlement Class Vehicles who submit a Claim. The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle during military duty.

2.2     Excluded from the stipulated Settlement Class are: (1) AHM; (2) any affiliate, parent, or subsidiary of AHM; (3) any entity in which AHM has a controlling interest; (4) any officer, director, or employee of AHM; (5) any successor or assign of AHM; (6) any Judge to

- 14 -

DRAFT

whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States, Puerto Rico, or other United States territories; (9) any former owner or lessee who does not file a Claim pursuant to the settlement; and (10) any person who has resolved or otherwise released their claims as of the date of the settlement.

2.3    Solely for purposes of implementing this Settlement Agreement and effectuating the settlement, AHM stipulates to the Court entering an order preliminarily certifying the Settlement Class, appointing Named Plaintiffs as representatives of the Settlement Class, and appointing Named Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class.  Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, the Parties stipulate that AHM will be appointed as Settlement Administrator, subject to the approval of the Court.

2.4    Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, AHM stipulates that Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

## IV.    SETTLEMENT CONSIDERATION

3.1    In exchange for the dismissal of the Litigation, with prejudice, and the Released Claims as provided herein, AHM agrees to provide the following consideration to the Settlement Class:

## A.    Infotainment System Online Resource

3.2    AHM will create, maintain, and update for no fewer than twenty-four (24) months after the Effective Date, the Infotainment System Online Resource, which will: (1) include a list of potential Infotainment System-related issues a Settlement Class Member may be experiencing,

- 15 -

DRAFT

that, when selected, will open a drop-down menu to offer potential solutions to the issue, including updating relevant software, replacing or upgrading USB cords or peripherals, or presenting the vehicle at a AHM authorized dealership for an assessment or repair pursuant to any applicable Service Bulletin; (2) provide a means by which Settlement Class Members can report to AHM issues or symptoms they believe to be attributable to the Infotainment System; (3) post relevant recall notices, Service Bulletins, and over-the-air (OTA) updates relating to the Infotainment System; (4) provide a means by which Settlement Class Members can review their operating manuals related to the Infotainment Systems in their vehicles so that they understand how the Infotainment Systems work and which peripherals are compatible with their Infotainment Systems; (5) make available online, searchable operating manuals relating to the Infotainment Systems so that Settlement Class Members can quickly search the contents of such manuals; and (6) post Frequently Asked Questions related to the Infotainment System and to assist with, among other things, installing OTAs, identifying issues, and identifying phones and accessories that are compatible with the Infotainment System. The Infotainment System Online Resource shall be operational no later than the Effective Date.

3.3     AHM will evaluate for possible inclusion in future OTAs or in future repairs any unresolved concerns from Settlement Class Members that are communicated to AHM by Settlement Class Members via the Infotainment System Online Resource.

3.4     At the end of each calendar quarter, AHM will provide an update to Class Counsel confirming that the Infotainment System Online Resource continues to operate.  As reasonably requested by Class Counsel, AHM agrees to provide Class Counsel information (or a summary of such information) submitted by Settlement Class Members through the Infotainment System Online Resource, subject to redactions for personally identifiable information (PII).

DRAFT

3.5     AHM agrees to maintain and update the Infotainment System Online Resource for a period of no fewer than twenty-four (24) months after the Effective Date.  The Parties agree to review whether this period should be modified as the 24-month deadline approaches.

**B.     Dealership Assistance and Assessment Program**

3.6     For twenty-four (24) months after the Effective Date, AHM will utilize pre-existing dealer communication and interface methods to roll out a Dealership Assistance and Assessment Program (the "DAAP") that is not intended to supplant or replace usual service processes and procedures but rather to direct its independent, authorized dealerships and their technicians to implement additional service strategies as described below.

(a)     As to training, for new and preexisting materials, AHM will:

(i)     Create (or supplement existing training materials as necessary with appropriate, robust training materials (video and/or self-study training materials similar to, *e.g*., Distance Learning ELWO3 for Service Bulletins 120-058 and A20-049) on how to diagnose and address recurring Infotainment System issues;

(ii)    Make such training materials available online to authorized, independent dealers for twenty-four (24) months after the Effective Date;

(iii)   Implement a process by which dealers' service technicians can complete / access the training materials;

(iv)    Issue Service News updates that contain Frequently Asked Questions (FAQs) with answers concerning commonly seen Infotainment System issues; and

(v)     Train District Service Managers to familiarize them with the DAAP and training video.

- 17 -

DRAFT

(b)  As to service, through Service News articles and other existing dealer communication channels, AHM will implement a process for dealer service technicians to:

(i)  Troubleshoot Infotainment System issues using appropriate tools and written materials;

(ii)  Confirm that the latest software update or OTA has been installed in a Settlement Class Vehicle brought in for Infotainment-System-related service, and, if it has not been installed, install the latest software update or OTA;

(iii)  If the Infotainment symptoms described by a Settlement Class Member are listed in the "Symptom" section of an applicable Service Bulletin, perform the countermeasures/updates specified therein;

(iv)  Perform any other customer-approved repairs, warranty service, recalls or product updates (as applicable);

(v)  Otherwise attempt to address the Settlement Class Member's concerns; and

(vi)  Report unresolved concerns through Tech-Line, and to encourage the Settlement Class Member to identify any unresolved concern in the Infotainment System Online Resource.

3.7   At the end of each calendar quarter during the 24-month period after the Effective Date, AHM will provide an update to Class Counsel confirming that AHM continues to perform the activities identified in the DAAP.  After the 24-month period, AHM may in its sole discretion decide to continue to offer any or all of the activities identified in the DAAP.

**C.   Extended Warranty**

- 18 -

DRAFT

3.8     Effective no later than the Effective Date, AHM will provide the Extended
Warranty for Infotainment System Symptoms.  If any Settlement Class Member incurs out-of-
pocket repair expenses for Infotainment System Symptoms because the NVLW expired prior to
the date the Extended Warranty takes effect, such Settlement Class Members shall be entitled to
reimbursement from AHM for properly-reimbursable, actual out-of-pocket expenses that would
otherwise have been covered under the NVLW / Extended Warranty by filing a claim pursuant to
Section IV.D.

3.9     The Extended Warranty follows the Settlement Class Vehicles and is not personal
to any owner or lessee.

3.10    Settlement Class Vehicles will continue to be eligible for product updates, market
actions, recalls and any additional warranty extensions that AHM may make available in its sole
discretion as a result of its continuous improvement process for Infotainment Systems in the
Settlement Class Vehicles.  AHM will continue to monitor the quality of the Infotainment Systems
in Settlement Class Vehicles.

3.11    AHM will continue to work in good faith to improve, as needed, the performance
of the Infotainment Systems of Settlement Class Vehicles during the Warranty and Extended
Warranty periods, including providing software updates and OTAs to the Settlement Class
Members free of charge as the need arises.

3.12    Settlement Class Vehicles will continue to receive free software updates and OTAs
for the Infotainment System as they become available, at least through the duration of the Extended
Warranty period.  If there are any Settlement Class Vehicles for which OTAs are not an option
due to a lack of internet connectivity or because their Settlement Class Vehicle is not OTA
compatible, the owners of these Settlement Class Members are eligible to bring their Settlement

WORKAMER\25223\197004\38665238.v1-5/14/21

DRAFT

Class Vehicles to an authorized dealership to have the software updates and OTAs installed.

3.13    The Extended Warranty shall automatically apply to all Settlement Class Vehicles no later than the Effective Date.  Settlement Class Members are not required to file a Claim Form to receive the Extended Warranty.

3.14    The Extended Warranty is subject to the same terms and conditions as the original NVLW issued at the original point of sale or lease of each Settlement Class Vehicle as it relates to the Infotainment Systems, except as specifically modified herein. Nothing in this Settlement Agreement will be construed as adding to, diminishing or otherwise affecting any express or implied warranty, duty or contractual obligation of AHM in connection with the Settlement Class Vehicles, except as it relates to the Infotainment Systems as set forth herein.

3.15    AHM may continue to implement any additional customer satisfaction or goodwill policy, program or procedure at its discretion, and may extend goodwill consideration to individual Settlement Class Members on a case-by-case basis, except that in no case shall a Settlement Class Member obtain more than one recovery or benefit (*e.g*., any goodwill or other payment will reduce or eliminate the right to recover for the same benefit previously provided) for any incident involving an Infotainment System during the Extended Warranty for any Settlement Class Vehicle.

**D.    Delayed Warranty Repair Visit Benefit**

3.16    Settlement Class Members who made Delayed Warranty Repair Visits prior to the Notice Date and who currently own or lease a Touring, Black or Elite trim for either the 2018-2019 Honda Odyssey vehicles, 2019 Honda Pilot vehicles, or 2019 Honda Passport vehicles will be eligible to receive two (2) years of HondaLink Security Service ($89 value per year) (the "HondaLink Benefit") for their Settlement Class Vehicle, provided AHM's warranty database shows they made more than one visit to an authorized Honda dealership to seek repairs for

- 20 -

DRAFT

Infotainment System-related issues (that do not otherwise qualify as a Related Service Visit) that were not resolved during the initial warranty service visit (a "Delayed Warranty Repair"); except that any customer visit as a result of a recall or product update is not a "Delayed Warranty Repair Visit."

3.17    Settlement Class Members who made Delayed Warranty Repair Visits prior to the Notice Date and who currently own or lease an EX or EX-L trim for either the 2018-2019 Honda Odyssey vehicles, 2019 Honda Pilot vehicles, or 2019 Honda Passport vehicles will be eligible to receive one (1) year of Sirius XM Select ($204 value) (the "Sirius XM Benefit") on the same terms and conditions as set forth in the preceding paragraph (¶ 3.16) of this Settlement Agreement.

3.18    AHM will identify individual Settlement Class Members who made Delayed Warranty Repair Visits as identified in AHM's warranty database. Such individual Settlement Class Members will be mailed or emailed (as appropriate) the Notice and Claim Form attached as Exhibit D, which Notice will inform the individual Settlement Class Members of their right to submit a valid Claim Form to receive the HondaLink Benefit and/or Sirius XM Benefit.

**E.    Related Service Visit Benefit**

3.19    Settlement Class Members who, on or before the Notice Date of this settlement, made multiple service visits for a single Infotainment System issue not resolved during the initial warranty service visit (so long as both service visits relate to the same Infotainment System issue (each a "Related Service Visit"), and who currently own or lease a Touring, Black or Elite trim for either the 2018-2019 Honda Odyssey vehicles, 2019 Honda Pilot vehicles, or 2019 Honda Passport vehicles shall as of the Effective Date automatically be entitled to the HondaLink Benefit, provided such Related Service Visits appear in AHM's warranty database; except that any customer visit as a result of a recall or product update is not a "Related Service Visit."

DRAFT

3.20    Settlement Class Members who made Related Warranty Repair Visits prior to the Notice Date and who currently own or lease an EX or EX-L trim for either the 2018-2019 Honda Odyssey vehicles, 2019 Honda Pilot vehicles, or 2019 Honda Passport vehicles will be eligible to receive the Sirius XM Benefit on the same terms and conditions as set forth in the preceding paragraph (¶ 3.19) of this Settlement Agreement.

3.21    AHM will identify individual Settlement Class Members who made Related Service Visits as identified in AHM's warranty database.   Such individual Settlement Class Members will be mailed or emailed (as appropriate) the Notice and Claim Form attached as Exhibit C, which Notice will inform the individual Settlement Class Members of their right to receive this HondaLink Benefit and/or Sirius XM Benefit as of the Effective Date.   Settlement Class Members who do not desire to receive the HondaLink Benefit and/or Sirius XM Benefit can contact AHM at a toll-free number or by email address provided on the Claim Form.

**F.    Rules Applicable To The Benefit**

3.22    If a Settlement Class Member already subscribes to the HondaLink Security service or the Sirius XM Select service, the Settlement Class Member can tack on HondaLink Security Service for an additional two (2) years starting when their paid-for service expires and the Sirius XM Select service for an additional one (1) year starting when their paid-for service expires.

3.23    The HondaLink Benefit and Sirius XM Benefit shall not be transferable to subsequent owners except as otherwise provided in the pre-existing terms of service.

3.24    Settlement Class Members can receive a maximum of one HondaLink Benefit or one Sirius XM Benefit per Settlement Class Vehicle.

**G.    Compensation for Certain Out-of-Pocket Costs Related to Delayed Warranty Claims**

3.25    Settlement Class Members who incurred qualified out-of-pocket costs directly

- 22 -

DRAFT

resulting from Delayed Warranty Repairs are eligible to file Claims (using a Claim Form substantially similar to the form attached as Exhibit D) for reimbursement of such costs when the settlement becomes Final.

3.26    Reimbursement for these out-of-pocket expenses are limited to: (1) the cost of recharging a car battery that drained as a result of the Infotainment System not turning off when it should have (*see* QIS AH19021201); and (2) rental car, taxicab, or other ride-sharing service charges incurred when the Settlement Class Member returned a Settlement Class Vehicle two or more times to a dealership to obtain a repair for Infotainment Systems Symptoms.

3.27    Settlement Class Members must submit a valid Claim Form within the Claims Period for reimbursement with appropriate Proof of Expenses.  Reimbursements will not include any amounts previously reimbursed by any party, including pursuant to other litigation, warranty or customer goodwill, or any amounts previously reimbursed by any third party through insurance, vehicle service contracts, or otherwise.

3.28    Settlement Class Counsel shall have the right to reasonably audit denials by the Settlement Administrator of Claims made under this Section.

## V.    SETTLEMENT ADMINISTRATION

### A.    Costs of Administration and Notice

4.1    The Parties agree that AHM shall serve as Settlement Administrator, subject to the approval of the Court and with the input of Class Counsel, to administer specific components of the settlement, including providing Notice, processing Claim Forms, issuing the Benefit and/or reimbursement to Settlement Class Members, creating and maintaining the Settlement Website and maintaining the Infotainment System Online Resource.

DRAFT

4.2     AHM shall be responsible for all costs of Notice and settlement administration. Named Plaintiffs, Settlement Class Members, and Class Counsel shall not be responsible for any costs associated with Notice or settlement administration.

**B.     Notice Plan and Settlement Website; CAFA Notice**

4.3     The Settlement Administrator will be responsible for implementing the Notice Plan, creating and maintaining the Settlement Website, causing the Infotainment System Online Resource to be posted on the Honda Owners Link website page after the settlement is Final, and providing the CAFA Notice.

4.4     The Settlement Administrator shall be responsible for providing notice substantially similar to the Notice attached as Exhibit B and Claim Forms attached as Exhibit C or D (as applicable) to the persons on the Class List (which shall be run through the National Change of Address database to update addresses before the Notice is sent) and shall undertake various administrative tasks, including without limitation: (1) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Forms from the information compiled from the Class List to each person on the Class List; (2) emailing to each person on the Class List the Notice and Claim Forms if email addresses are available and requisite consent has been obtained; (3) the creation and maintenance of the Infotainment System Online Resource; (4) developing processes and procedures for handling deficient Claim Forms and returned mail; (5) providing to Class Counsel and AHM Counsel within ten (10) days of receipt copies of notices of intention to appear at the Final Approval Hearing and requests for exclusion from the Settlement Class; (6) preparing an Opt-Out list of the Settlement Class Members requesting exclusion and submitting an affidavit to the Court before the Final Approval Hearing attesting to the accuracy of that list; (7) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit to the Court attesting to the accuracy of that list; (8) maintaining a mailing address to

DRAFT

which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; (9) processing Claim Forms submitted; and (10) creation and maintenance of the Settlement Website.

4.5     Among other things, the Notice will explain the alleged issues or symptoms with the Infotainment System that are the subject of the Litigation, the benefits of the settlement and how to obtain such benefits, describe the Infotainment System that is the subject of this settlement, and direct Settlement Class Members to the Settlement Website for more information.

4.6     If Notice to a Settlement Class Member is returned undelivered and a forwarding address is provided, the Settlement Administrator will re-send the Notice to that Settlement Class Member one additional time.

4.7     AHM will notify Authorized Honda Dealers about the proposed settlement after preliminary approval is granted.  By no later than the Effective Date, AHM will notify Authorized Honda Dealers about the Infotainment System Online Resource on the Honda Owners Link website page, DAAP, and the Extended Warranty via AHM's notification system.

4.8     The Settlement Administrator will establish and maintain the Settlement Website that will make available documents relating to the settlement (including the Notices and Claim Forms) available for download. Within fourteen (14) days of the entry of the Preliminary Approval Order, the Settlement Administrator will post the required documents on the Settlement Website.

4.9     During the Claims Period, the Settlement Administrator will post on the Settlement Website a toll-free telephone number that will be staffed during normal business hours with live operators who can answer questions about and provide information to Settlement Class Members regarding the settlement, as well as, provide the Notices and Claim Forms to any Settlement Class Member upon request.

- 25 -

DRAFT

4.10    The Settlement Administrator, upon request, will provide available information to Class Counsel on a monthly basis as to the number of Claims submitted, the amount of each Claim, and (after the Effective Date) Claims decisions so that Class Counsel may monitor and/or audit the claims process.

4.11    In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, AHM shall cause notice of this proposed settlement to be sent to the Attorney General of the United States, and the attorneys general of each state in which a Settlement Class Member resides ("CAFA Notice"), which shall be without material alteration from Exhibit E attached hereto.

4.12    Within fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide information to the Court, with a copy to Class Counsel, describing that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

**C.    Claim Procedure−HondaLink Benefit and Sirius XM Benefit**

4.13    Settlement Class Members who believe they are eligible for the HondaLink Benefit and/or Sirius XM Benefit under the Settlement Agreement (but who have not been notified that they are automatically eligible for the Benefits) must send the Settlement Administrator a completed copy of the Claim Form, and either include proof showing that they are eligible for the specific Benefit or request AHM review its records to determine whether the Settlement Class Member is eligible for the Benefit, postmarked during the Claims Period.

**D.    Claim Procedure−Compensation for Out-of-Pocket Costs**

4.14    Settlement Class Members who believe they are eligible for Out-of-Pocket costs reimbursement under the Settlement Agreement must send the Settlement Administrator a completed copy of the Claim Form, Proof of Expenses, and other required documentation as set

- 26 -

DRAFT

forth above, showing that they are eligible for the reimbursement, postmarked during the Claims
Period.

4.15    The Settlement Class Member must provide the following information, as indicated
on the Claim Form:

(a)    Name and mailing address of the Settlement Class Member;

(b)    The VIN for the Settlement Class Vehicle for which a claim is being made;

(c)    Proof of Expenses for the reimbursable expense;

(d)    The following attestation: "I hereby attest to and affirm that the information I am
        providing as support for my claim is a true and accurate copy of the records in my
        possession and these records relate to my 2018 or 2019 Honda Odyssey, 2019
        Honda Pilot, or 2019 Honda Passport.  I hereby attest to and affirm the authenticity
        of such proof and state that I actually incurred and was not previously reimbursed
        for the Out-of-Pocket Expenses for which I am seeking reimbursement;" and

(e)    Any other required documentation proving eligibility as set forth above in Section
        III.

**E.    Claims Processing**

4.16    Within reasonable time of receiving a Claim Form and any accompanying
documentation, the Settlement Administrator will review the documentation and/or AHM's
records and either confirm or deny the Settlement Class Member's eligibility for the HondaLink
Benefit, Sirius XM Benefit, and/or out-of-pocket expense reimbursement (as applicable).

4.17    If the determination is to deny a Claim, the Settlement Administrator will send,
within sixty (60) days after determination of denial, notice of the denial to the Settlement Class
Member.  Such notice will set forth the reason(s) for the denial and provide notice of the claimant's
right to contest the denial and request reconsideration and/or to attempt to cure any defect within

- 27 -

DRAFT

thirty (30) days.  On a quarterly basis after the Effective Date until all Claims have been processed, the Settlement Administrator will provide to Class Counsel a list of all Claims that have been denied, along with the Claim Forms and supporting documentation and other relevant information relating to the denial with appropriate PII redactions.

4.18    Claims that do not meet the requirements set forth in the Settlement Agreement shall be denied.  Grounds for rejection include, but are not limited to, failure to provide Proof of Expenses or any other required information, untimely submission of the Claim Form, or submission of ineligible repair expenses.

4.19    A Settlement Class Member whose Claim has been denied may attempt to cure the deficiency or contest the decision denying the Claim by mailing to the Settlement Administrator at the mailing address for the administration of this Settlement, written notice containing information to attempt to cure any claim deficiencies or a statement of reasons the Settlement Class Member contests the denial, along with any additional supporting documentation (the "Contest Notice").  Any Contest Notice must be postmarked within thirty (30) days after the date of mailing by the Settlement Administrator of the notice of the denial of the Claim.  The Contest Notice procedures shall be posted on the Settlement Website and shall also be provided in writing to any Settlement Class Member whose Claim is denied.

4.20    Within sixty (60) days after the Settlement Class Member mails the Contest Notice, the Settlement Administrator shall consider the claimant's request for reconsideration and any materials submitted by the Settlement Class Member in support thereof, and mail to the Settlement Class Member a final determination of the Claim. The decision of the Settlement Administrator shall be final unless the Settlement Class Member submits the denied Claim to the National Center for Dispute Settlement for resolution as described in paragraph 4.21 below.

- 28 -

DRAFT

4.21    If the Settlement Administrator finally denies a Claim, the Settlement Class Member may appeal the denial to the National Center for Dispute Settlement for binding resolution in accordance with the terms and conditions of the NVLW that accompanied the Settlement Class Vehicle at the original point of sale or lease, except that any such appeal must be filed within ninety (90) days of final denial by the Settlement Administrator and any decision by the National Center for Dispute Settlement will be final and binding upon all parties.  AHM will pay any cost charged by the National Center for Dispute Settlement for resolving the dispute.  Each party shall be responsible for paying his, her, or its own attorneys' fees and other expenses if he, she, or it decides to retain counsel.

4.22    By no later than one hundred and twenty (120) days after the Effective Date, AHM will provide to Settlement Class Members who timely filed valid Claims the Benefit and/or out-of-pocket expense reimbursement (as applicable).

4.23    If this settlement never becomes Final for any reason, no relief, Benefit, Extended Warranty or reimbursement of any kind shall be made to anyone pursuant to the Settlement Agreement.

**F.    Objections and Requests for Exclusion**

4.24    The Parties agree to ask the Court to require any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the settlement to file any objection via the Court's electronic filing system (if represented by counsel) or to send the objection to the Settlement Administrator and mail a copy to AHM's Counsel and Class Counsel via first-class postage prepaid mail. Objections must be filed electronically or postmarked not later than a date to be set by the Court, which date the Parties shall ask the Court to set forty-five (45) days after the Notice Date. Any objecting Settlement Class Member must:

(a)    Set forth his, her, or its full name, current address, and telephone number;

- 29 -

DRAFT

    (b)      Identify the date of acquisition and VIN for his, her, or its Settlement Class Vehicle;

    (c)      State that the objector has reviewed the Settlement Class definition and understands that he, she, or it is a Settlement Class Member, as well as provide written proof establishing that he, she, or it is a Settlement Class Member;

    (d)      A written statement of the objection(s) which must include a statement as to whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention;

    (e)      Provide copies of any documents the objector wants the Court to consider; and

    (f)      A statement as to whether the Settlement Class Member intends to appear at the final approval hearing.

4.25    In addition, any Settlement Class Member objecting to the settlement shall file a sworn declaration listing all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any court in the United States in the previous five (5) years.  If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she, or it shall affirmatively so state in the objection.

4.26    An objection must be filed with the Court if the objector is represented by counsel, or if not represented by counsel, must be sent to the Settlement Administrator via first-class mail, postage prepaid, and must also be served by first-class mail, postage prepaid, upon both of the following:

- 30 -

DRAFT

AHM's Counsel at:
Livia M. Kiser
Michael B. Shortnacy
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071

Class Counsel at:
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101

4.27    Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to argue why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Class Counsel Fees and Expenses Award and/or Services Awards.  Any such objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Final Approval Hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, will be deemed to have waived any objections to the settlement, subject to the discretion of the Court.

4.28    The submission of an objection allows Class Counsel and/or AHM's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the

- 31 -

DRAFT

objection.  Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

4.29    Settlement Class Members may exclude themselves from the settlement (*i.e*., "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A Settlement Class Member wishing to exclude himself, herself or itself must send the Settlement Administrator a letter postmarked by a date to be set by the Court, which date the Parties shall request the Court set forty-five (45) days after the Notice Date, containing: (1) the Settlement Class Member's name, current address, and telephone number; (2) the approximate date of acquisition and VIN for his, her, or its Settlement Class Vehicle; and (3) a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the settlement.  Any request for exclusion must be postmarked on or before the deadline provided in the Notice.  Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by the Settlement Agreement.  Class Counsel will confirm the participation of the Named Plaintiffs in the settlement in advance of execution of the Settlement Agreement.

4.30    Any Settlement Class Member who submits a request for exclusion with a timely postmark has no standing to object to the settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.  If a Settlement Class Member files a Claim Form and also requests exclusion from the settlement, then the Settlement Class Member will remain in the Settlement Class and the request for exclusion will be deemed void.  If a Settlement Class Member opts out and files a separate action based on the same or similar facts, in any tribunal, and

DRAFT

also submits a Claim Form, the Settlement Class Member shall be deemed to be a member of the

Settlement Class and his, her, or its claims shall be deemed Released Claims.

4.31    Not later than fourteen (14) days after the deadline for submission of requests for

exclusion, the Settlement Administrator shall provide the Court, Class Counsel, and AHM's

Counsel with a list identifying each Settlement Class Member who submitted an exclusion request

together with copies of the exclusion requests, and a declaration attesting to the completeness and

accuracy thereof.

## VI.     SETTLEMENT APPROVAL PROCESS

### A.     Preliminary Approval of Settlement

5.1    Promptly after the execution of this Settlement Agreement, Named Plaintiffs shall

present this Settlement Agreement to the Court, along with a motion requesting that the Court issue

a Preliminary Approval Order, which shall be without material alteration from Exhibit A attached

hereto.

### B.     Final Order and Judgment

5.2    If this Settlement Agreement is preliminarily approved by the Court, Named

Plaintiffs shall present a motion requesting that the Court issue a Final Order and Judgment

directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) which shall be without material

alteration from Exhibit F attached hereto.

### C.     Class Counsel's Fees and Expenses Award and Named Plaintiffs' Service Awards

5.3    AHM agrees to pay reasonable attorneys' fees and expense reimbursement to Class

Counsel and reasonable service awards to the Named Plaintiffs, as approved by the Court, and as

consistent with the provisions of this Settlement Agreement.  The Parties have not yet agreed on

reasonable amounts for attorneys' fees and reimbursable litigation expenses to be paid to Class

Counsel (the "Class Counsel Fees and Expenses Award").  The Parties also have not yet agreed

DRAFT

on appropriate amounts for Service Awards for the Named Plaintiffs.  The Parties continue to negotiate to reach agreement on Class Counsel Fees and Expenses Award as well as agreement on the amounts of the Service Awards.  If the Parties are unable to reach agreement informally, the Parties will attempt to narrow the dispute(s) as much as possible and Plaintiffs will apply to the Court for: (1) an order awarding the Class Counsel Fees and Expenses Award; and (2) for an order awarding Service Awards, either or both of which AHM may oppose.

5.4     Class Counsel will apply to the Court for the total amount of Class Counsel Fees and Expenses Award and Service Awards concurrently with the submission of their motion in support of the Final Order and Judgment.  In no event will AHM pay Class Counsel Fees and Expenses or Service Awards approved by the Court (a) prior to the Effective Date; and/or (b) prior to the date that the order(s) awarding the Class Counsel Fees and Expenses and/or Service Awards become Final, whichever is later.

5.5     The Class Counsel Fees and Expenses Award and Service Awards will be paid separate and apart from any relief provided to the Settlement Class pursuant to this Settlement Agreement. Within fourteen (14) days after the Effective Date, provided that the order(s) awarding Class Counsel Fees and Expenses and/or Service Awards have become Final, and provided that Class Counsel has provided AHM with requisite W-9s and completed wire transfer forms, AHM shall pay, by wire transfer to the trust account of Hagens Berman Sobol Shapiro, LLP ("Class Counsel Payee"), the Class Counsel Fees and Expenses and Service Awards.

5.6     Any order or proceedings relating to the Class Counsel Fees and Expenses Award and/or Service Awards, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or effect or delay the Effective Date of this Settlement Agreement as it relates to benefits conferred to Settlement Class

- 34 -

DRAFT

Members, provided that the Settlement Agreement is otherwise in all respects Final, except as otherwise set forth herein.

5.7    Class Counsel agree that upon payment by AHM of the Class Counsel Fees and Expenses Award and Service Awards as approved by the Court, pursuant to wire transfer information provided by Class Counsel, AHM's obligations to Class Counsel and Named Plaintiffs for Class Counsel Fees and Expenses Award and Service Awards shall be fully satisfied and discharged.

## VII.    RELEASE BY NAMED PLAINTIFFS AND SETTLEMENT CLASS MEMBERS

6.1    Upon the Effective Date, the Litigation shall be dismissed with prejudice and all Released Claims of Named Plaintiffs and the Settlement Class shall be released, and the Named Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and forever discharged the Releasees from all Released Claims.

6.2    In return for the consideration provided in the Settlement Agreement, the Named Plaintiffs, on their behalf and on behalf of all other Settlement Class Members, shall as of the Effective Date release, acquit and forever discharge the Releasees from the Released Claims.

6.3    Named Plaintiffs, on their own behalf and on behalf of all other Settlement Class Members agree, covenant and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claims, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Settlement Class Members or the general public, or any other person or entity, against the Releasees based on the Released Claims, regardless of whether such claims

- 35 -

DRAFT

accrue after the Settlement Agreement is approved.

6.4     As of the Effective Date, Plaintiffs and the Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing or prosecuting any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively, asserting any of the Released Claims against the Releasees.

6.5     Named Plaintiffs acknowledge that they, Class Counsel, and Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Litigation and the Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release all such claims, without regard to the subsequent discovery or existence of different additional facts. Named Plaintiffs and Settlement Class Members expressly waive any and all rights and benefits afforded by California Civil Code § 1542 (and other, similar state statutes), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Named Plaintiffs understand and acknowledge on behalf of themselves and the Settlement Class Members the significance of this waiver of California Civil Code § 1542 (if applicable) and/or of any other applicable federal or state law relating to limitations on releases. Each Settlement Class Member also hereby expressly waives and fully, finally and forever settles and releases any and all Released Claims it may have against the Releasees under § 17200, et seq., of the California Business and Professions Code.

6.6     Upon the Effective Date, no default by any person in the performance of any

DRAFT

covenant or obligation under this settlement or any order entered in connection therewith shall

affect the dismissal of the Litigation, the *res judicata* effect of the Final Order and Judgment, the

foregoing releases, or any other provision of the Final Order and Judgment; provided, however,

that all other legal and equitable remedies for violation of a court order or breach of this Settlement

Agreement shall remain available to all Parties.

## VIII.   MISCELLANEOUS PROVISIONS

### A.     Best Efforts

7.1     Named Plaintiffs, AHM and Class Counsel agree to use their best efforts to obtain

Court approval of this settlement, subject to AHM's rights to terminate this settlement as provided

herein.

### B.     Effect of Exhibits

7.2     The exhibits to this Settlement Agreement are an integral part of the settlement and

are expressly incorporated and made a part of this Settlement Agreement.

### C.     Not Evidence

7.3     This settlement, whether or not it shall become Final, and any and all negotiations,

communications, and discussions associated with it, shall not be:

(a)     Offered or received by or against any Party as evidence of, or be construed as or

deemed to be evidence of, any presumption, concession, or admission by a Party of

the truth of any fact alleged by Named Plaintiffs, of the validity of any Released

Claim that has been or could have been asserted in the Litigation, or the deficiency

of any defense that has been or could have been asserted in the Litigation, or the

deficiency of any defense that has been or could have been asserted in the

Litigation, or of any liability, negligence, fault or wrongdoing on the part of Named

DRAFT

Plaintiffs, AHM or any Releasee;

(b)    Offered or received by or against Named Plaintiffs or AHM as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule or regulation or of any liability or wrongdoing by AHM or any Releasee or of the truth of any of the Released Claims, and evidence thereof shall not be used directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and Final Order and Judgment including, without limitation, asserting as a defense the release and waivers provided herein;

(c)    Offered or received by or against Named Plaintiffs, AHM or any Releasee as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault or wrongdoing; or in any way referred to for any other reason against AHM or any Releasee, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the terms of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then Named Plaintiffs or AHM may refer to it to enforce their rights hereunder; or

(d)    Construed as an admission or concession by Named Plaintiffs, the Settlement Class, AHM or any Releasee that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

(e)    These prohibitions on the use of this settlement shall extend to, but are not limited to, any Settlement Class Member who opts-out of the settlement pursuant to Section

- 38 -

DRAFT

V.F. above.

**D.     Entire Agreement**

7.4     This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

**E.     Arm's-Length Negotiations and Good Faith**

7.5     The Parties have negotiated all of the terms and conditions of this Settlement Agreement at arm's length, including with the assistance and involvement of a neutral mediator. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement. The Parties agree to act in good faith during the settlement administration process.

**F.     Confirmatory Discovery**

7.6     AHM will provide confirmatory discovery to Class Counsel and a mutually-agreeable technical expert sufficient to show the efficacy of the countermeasures designed to resolve Infotainment System Symptoms and issues in Settlement Class Vehicles set forth in, *inter alia*, NHTSA-approved recalls, market actions and product updates; OTAs; and service bulletins; to further explain the efficacy and scope of the Extended Warranty; and otherwise work with Class

Counsel and AHM on confirmatory discovery in good faith.

**G.      Continuing Jurisdiction**

7.7      The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

**H.      Binding Effect of Settlement Agreement**

7.8      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

**I.      Governing Law**

7.9      The Settlement Agreement will be construed and enforced in accordance with, and governed by, the substantive laws of California, without giving effect to that state's choice-of-law principles.  However, the Parties acknowledge that federal law (including Fed. R. Civ. P. 23 and federal case law) applies to consideration and approval of the settlement, certification of the Settlement Class, and all related issues such as any petition for Class Counsel Fees and Expenses Award and Service Awards.

**J.      Construction of Settlement Agreement Terms**

7.10      The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after arm's length negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this

DRAFT

Settlement Agreement. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions. The language in all parts of the Settlement Agreement will be interpreted according to its fair meaning and will not be interpreted for or against any of the Parties as the drafter.

## K.     Confidentiality Agreements

7.11    Class Counsel agree to return or destroy all information and materials obtained from AHM and any Releasee or third party in connection with the Litigation and the settlement that AHM the Releasee or third party has in good faith designated to be confidential, including any copies made thereof, within thirty (30) days after the Effective Date and to retain no copies thereof. All agreements made and orders entered during the Litigation relating to the confidentiality of information will survive the Settlement Agreement.

## L.     Extensions of Time

7.12    The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice (subject to Court approval as to Court dates).

## M.     Authority to Execute Settlement Agreement

7.13    The individual signing this Settlement Agreement on behalf of AHM represents that he or she is fully authorized to enter into, and to execute, this Settlement Agreement on AHM's behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for AHM on behalf of the Named Plaintiffs, and expressly to enter into, and to execute, this Settlement Agreement on behalf of each of the Named Plaintiffs and the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

DRAFT

**N.      Further Authority**

7.14    Class Counsel, on behalf of the Named Plaintiffs and the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this settlement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class which they deem appropriate.  Class Counsel represents and warrants it has authority to execute this Settlement Agreement on behalf of every Named Plaintiff as if each Named Plaintiff individually had signed this Settlement Agreement him or herself.

**O.      Termination**

7.15    AHM has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this settlement to the Named Plaintiffs or to the Settlement Class Members, if any of the following conditions subsequent occurs:

(a)      The Court fails to enter the [Proposed] Preliminary Order in a form materially consistent with Exhibit A to this Settlement Agreement;

(b)      The Parties fail to obtain and maintain preliminary approval of the proposed settlement;

(c)      The Court requires a notice program in any form materially different from the Notice Plan specifically set forth in Section V and attached Exhibit B;

(d)      If the Parties come to an agreement as to the amount of Class Counsel Fees and Expenses Award and/or Services Awards but the Court awards additional compensation to Class Counsel and/or to Named Plaintiffs beyond the amounts agreed to by the Parties;

DRAFT

(e)     The Court fails to enter a Final Judgment materially consistent with the provisions in Section VI;

(f)     The Settlement does not become Final for any reason;

(g)     The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement; or

(h)     The total number of timely and valid requests for exclusion exceeds five (5) percent of the total number of Settlement Class Members.

7.16    In the event that the above right to cancel or terminate is exercised, then AHM shall have no further obligations under this Settlement Agreement to Settlement Class Members or Named Plaintiffs and shall have the right to terminate the entire settlement and declare it null and void.

7.17    The failure of the Court or any appellate court to approve in full the request by Class Counsel for Class Counsel Fees and Expenses Award and Services Awards shall not be grounds for Named Plaintiffs the Settlement Class, or Class Counsel to terminate or cancel the Settlement Agreement or proposed settlement.

7.18    If the Settlement is not finally approved, is not upheld on appeal, or otherwise does not become Final or any reason, then the Settlement Class shall be decertified, the settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law; and all Parties shall

DRAFT

stand in the same procedural posture as if the settlement had never been negotiated, made or filed with the Court.

**P.      Full and Final Agreement**

7.19    The Settlement Agreement constitutes the entire agreement among the Parties and no other representations, warranties or inducements have been made to any party concerning the Settlement Agreement.

7.20    The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Parties agree that the terms of the settlement reflect a good faith settlement of the Claims asserted by Named Plaintiffs and the Settlement Class reached voluntarily after consultation with experienced legal counsel. The Parties deem this settlement to be fair and reasonable and have arrived at this settlement in arms-length negotiations taking all relevant factors, present or potential, into account.

**Q.      Headings**

7.21    The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

**R.      Severability**

7.22    In the event that any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this settlement shall continue in full force and effect without said provision to the extent AHM does not execute its right to terminate under Section VIII.O.

**S.      Notices**

7.23    All notices or formal communications under this Settlement Agreement shall be in writing and shall be given by electronic mail and (i) hand delivery; (ii) registered or certified mail,

DRAFT

return receipt requested, postage prepaid; or (iii) overnight courier to counsel for the Party to whom

the notice is directed at the following addresses:

    For Named Plaintiffs and the Settlement Class:

                  Plaintiffs and Settlement Class Counsel at:

                  Jeffrey S. Goldenberg
                  GOLDENBERG SCHNEIDER, LPA
                  4445 Lake Forest Drive, Suite 490
                  Cincinnati, Ohio 45242

    For AHM:

                  AHM's Counsel at:

                  Livia M. Kiser
                  Michael B. Shortnacy
                  KING & SPALDING LLP
                  633 W. 5th Street, Suite 1600
                  Los Angeles, California 90071

Counsel may designate a change of the person to receive notice or a change of address, from time

to time, by giving notice to all Parties in the manner described in this Section.

**T.**    **Cost and Expenses.**

    7.24    Except as provided in this Settlement Agreement regarding (1) the payment of the

Settlement Administrator; and (2) the Class Counsel Fees and Expenses Award and Service

Awards (subject to approval of the Court); each of the Named Plaintiffs, Class Counsel and AHM

shall be responsible for his, her, or its own costs and expenses.

**U.**    **Taxes**

    7.25    Named Plaintiffs and Class Counsel shall be responsible for paying any and all

federal, state and local taxes due on any payments made to them pursuant to this settlement.

**V.**    **Communications**

    7.26    AHM reserves the right to communicate with its customers, business contacts, and

DRAFT

members of public, including Settlement Class Members, in the ordinary course of business. Class

Counsel and Named Plaintiffs hereby agree not to engage in any communications with the media,

the press, on the internet, or in any public forum, either orally or in writing, that undermine or

contradict the settlement or any of its terms.

**W.      Counterparts**

7.27    This Settlement Agreement may be executed in one or more counterparts and the

execution in counterparts shall have the same effect as if all Parties had signed the same instrument.

Facsimile and scanned signatures shall be considered as valid signatures as of the date signed.

IN WITNESS WHEREOF, the Parties hereby execute, and cause this Settlement

Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the

lines below.


Dated: May14, 2021                HAGENS BERMAN SOBOL SHAPIRO LLP, on behalf
                                  of Class Counsel and each Named Plaintiff


                                  By _____
                                     Steve W. Berman (*pro hac vice*)
                                     Sean R. Matt (*pro hac vice*)
                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                  1301 Second Avenue, Suite 2000
                                  Seattle, Washington 98101
                                  Telephone: (206) 623-7292
                                  Facsimile:  (206) 623-0594
                                  *steve@hbsslaw.com*
                                  *sean@hbsslaw.com*
                                  Christopher R. Pitoun (SBN 290235)
                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                  301 North Lake Avenue, Suite 920
                                  Pasadena, California 91101
                                  Telephone: (213) 330-7150
                                  Facsimile:  (213) 330-7152
                                  *christopherp@hbsslaw.com*


- 46 -

DRAFT

Jeffrey S. Goldenberg (*pro hac vice*)
Todd Naylor (*pro hac vice*)
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8291
Facsimile:  (513) 345-8294
*jgoldenberg@gs-legal.com*
*tnaylor@gs-legal.com*

John C. Weisensell (*pro hac vice*)
NIEKAMP, WEISENSELL, MUTERSBAUGH &
MASTRANTONIO LLP
23 South Main Street, Third Floor
Akron, Ohio 44308
Telephone: (330) 434-1000
Facsimile:  (330) 434-1001
*jack@nwm-law.com*

*Attorneys for Plaintiffs*

Dated:  May __, 2021          American Honda Motor Co., Inc.

By: _____

Its: _____


Dated: May __, 2021          Approved as to form by:

KING & SPALDING LLP

By _____
    Livia M. Kiser (SBN 285411)

633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile:  (213) 443-4310
*lkiser@kslaw.com*

DRAFT

Michael B. Shortnacy (SBN 277035)
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile:  (213) 443-4310
*mshortnacy@kslaw.com*

Andrew J. Chinsky (*pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Dr., Suite 3800
Chicago, Illinois 60606
Telephone: (312) 995-6333
Facsimile:  (312) 995-6330
*achinsky@kslaw.com*

*Attorneys for Defendant*
*American Honda Motor Co., Inc.*

- 48 -