JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLEY CONTI, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | Case No.: CV 19-02160-CJC(GJSx) <br><br><br> JUDGMENT |

On January 4, 2022, the Court conducted a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. (Dkts. 79, 90.) After considering the briefing and argument

presented, and good cause appearing, **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED** and **JUDGMENT** be entered by the clerk as follows:

1. The Court approves the terms of the parties' settlement memorialized in the parties' Class Action Settlement Agreement and Release, (Dkt. 90-1).

2. The Court certifies the following Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> (1) All current owners and lessees of the 1) 2018 and 2019 Honda Odyssey vehicles Elite, EX, EX-L, EX-LNR and Touring trim levels; 2) 2019 Honda Pilot vehicles with 2EX-LNR, 2TRG, 2TRG 7P, 4Elite, 4EX, 4EX-L, 4EX-LNR, 4TRG and 4TRG 7P trim levels; and 3) 2019 Honda Passport with 2EX-L, 2TRG, 4Elite, 4EX-L, and 4TRG trim levels (each a 'Settlement Class Vehicle'), who reside in, and who purchased or leased their vehicles (other than for purposes of resale or distribution) in the United States, Puerto Rico, and all United States territories, as well as former owners and lessees of Settlement Class Vehicles who submit a Claim. The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle during military duty, subject to the exclusions set forth in paragraph 2.2 of the Settlement Agreement.

3. Specifically excluded from the Settlement Class are: (1) Defendant American Honda Motor Co., Inc. ("AHM"); (2) any affiliate, parent, or subsidiary of AHM; (3) any entity in which AHM has a controlling interest; (4) any officer, director, or employee of AHM; (5) any successor or assign of AHM; (6) any Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States, Puerto Rico, or other United States territories; (9) any former owner or lessee who does not file a Claim pursuant to the settlement; (10) any person who has resolved or otherwise released their claims as of the date of the settlement; and (11) all persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

4. The Court finds, solely for purposes of the Settlement, that Plaintiffs satisfy the

requirements of Federal Rule of Civil Procedure 23(a): (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (d) Named Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class. Further, the Court finds that Plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3): (1) questions of law or fact common to Class Members predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that the terms of the Settlement Agreement are fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e). The parties are hereby ordered to implement, provide, and comply with the requirements and relief described in the Settlement Agreement in accordance with its terms.

6. The Court confirms its appointment of Class Counsel, for settlement purposes only, of: (1) Hagens Berman Sobol Shapiro, LLP; and (2) Goldenberg Schneider, LPA, and finds Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

7. The Court confirms its appointment, for settlement purposes only, of Named Plaintiffs Lesley Conti, Tom Conti, Brandi Bishop, Brigid Hirth, Michael Hirth, Mark Ankrom, Heidi Phan, Peter Phan, Anthony Rossomando, Laura Mohr, Larry Simkin, Harmeet Gill, Yazeed Issa, Ashley Pfeifer, William D. Lampton, Jacob Szajowitz, Michaela Hetzler, Michelle Beckwith, Ross Conley, Stephanie Conley, Emily Darr, Pamela Turberville, Smruti Patel, Ann Morgan, and Julie Pereira, for settlement purposes only, and finds Named Plaintiffs adequately represent the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

8. The Court awards Service Awards as follows: Lesley Conti and Tom Conti, $10,000 total; Brandi Bishop, $2,000; Brigid Hirth and Michael Hirth, $2,000 total; Mark Ankrom, $2,000; Heidi Phan and Peter Phan, $2,000; Anthony Rossomando, $2,000; Laura Mohr, $2,000; Larry Simkin, $2,000; Harmeet Gill, $2,000; Yazeed Issa, $2,000; Ashley Pfeifer, $2,000; William D. Lampton, $2,000; Jacob Szajowitz, $2,000; Michaela Hetzler, $2,000; Michelle Beckwith, $2,000; Ross Conley and Stephanie Conley, $2,000 total; Emily Darr, $2,000; Pamela Turberville, $2,000; Smruti Patel, $2,000; Ann Morgan, $2,000, and Julie Pereira, $2,000.

9. The Court confirms its appointment of AHM as the Claims Administrator.

10. The Court approves Class Counsel's unopposed request for attorney's fees in the amount of $637,659.55 and $28,845.45 in costs.

DATED: January 4, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE